IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **TINA MORGAN,** on behalf of herself and all others similarly situated,<br><br>**Plaintiff,**<br><br>vs.<br><br>**VALLEY HOME CARE SOLUTIONS, LLC,** *et al.*,<br><br>**Defendants.** | CASE NO.: 2:19-cv-278-JLG-CMV<br><br>JUDGE JAMES L. GRAHAM<br><br>MAGISTRATE JUDGE CHELSEY M. VASCURA<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT** |

NOW COME Defendants, by and through their attorneys, and for their Answer to Plaintiff's Complaint state as follows:

## INTRODUCTION

1. Defendants admit Plaintiff *purports* to bring this case to challenge *alleged* policies and practices which *allegedly* violate the FLSA and Ohio Wage Laws, but deny the merit of Plaintiff's allegations. Defendants deny all remaining allegations in Paragraph 1 of the Complaint.

2. The allegations in Paragraph 2 quoting the FLSA are pure statements of law and, therefore, Defendants are not required to respond. Defendants are without sufficient knowledge or information to form a belief as to the truth of all remaining allegations in Paragraph 2 of the Complaint, and therefore deny the same.

3. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and therefore deny the same.

4. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint, and therefore deny the same.

## JURISDICTION AND VENUE

5. Defendants admit the allegations in Paragraph 5 of the Complaint.

6. Defendants admit the allegations in Paragraph 6 of the Complaint.

7. Defendants admit the allegations in Paragraph 7 of the Complaint.

## PARTIES

8. Defendants admit Plaintiff is an adult individual who was employed by Defendants as a Home Health Aid from approximately September 27, 2017 through approximately November 2, 2018. Defendants are without sufficient knowledge or information to form a belief as to the truth of all remaining allegations in Paragraph 8 of the Complaint, and therefore deny the same.

9. Defendants admit the allegations in Paragraph 9 of the Complaint.

10. Defendants admit VHCS is a for-profit limited-liability corporation registered to conduct business in Ohio, that its principal place of business is in Caldwell, Ohio (Noble County), and that VHCS can be served through its statutory agent Angela Robinson (at the listed address.) Defendants deny all remaining allegations in Paragraph 10 of the Complaint.

11. Defendants admit the allegations in Paragraph 11 of the Complaint.

## FACTUAL ALLEGATIONS

12. Defendants admit they have been in the home health care business at all relevant times. Defendants deny all remaining allegations in Paragraph 12 of the Complaint.

13. Defendants admit Plaintiff and others were employed by Defendants as non-exempt home health care providers. Defendants deny all remaining allegations in Paragraph 13 of the Complaint.

14. Defendants deny the allegations in Paragraph 14 of the Complaint.

15. Defendants deny the allegations in Paragraph 15 of the Complaint.

16. Defendants admit the allegations in Paragraph 16 of the Complaint.

17. Defendants deny the allegations in Paragraph 17 of the Complaint.

18. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint, and therefore deny the same.

19. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint, and therefore deny the same.

20. Defendants deny the allegations in Paragraph 20 of the Complaint.

21. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, and therefore deny the same.

22. Defendants admit the allegations in Paragraph 22 of the Complaint.

23. Defendants admit that, at all relevant times, they were employers under the FLSA and Ohio Wage Laws. Defendants deny all remaining allegations in Paragraph 23 of the Complaint.

24. Defendants admit the allegations in Paragraph 24 of the Complaint.

25. Defendants admit the allegations in Paragraph 25 of the Complaint.

26. Defendants admit the allegations in Paragraph 26 of the Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Defendants deny the allegations in Paragraph 30 of the Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Defendants admit the allegations in Paragraph 33 of the Complaint.

34. Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Defendants admit Defendant Robinson acted in the interest of VHCS in relation to Plaintiff and others. Defendants deny all remaining allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint, and therefore deny the same.

38. The allegations in Paragraph 38 of the Complaint are pure statements of law and, therefore, Defendants are not required to respond.

## FLSA COLLECTIVE ACTION ALLEGATIONS

39. Defendants incorporate their answers to Paragraphs 1-38 of the Complaint as if fully rewritten herein. Further answering, Defendants deny the allegations in Paragraph 39 of the Complaint.

40. Defendants admit Plaintiff *purports* to bring a collective action as described in Paragraph 40 of the Complaint, but deny such a collective action is warranted or proper. Defendants deny all remaining allegations in Paragraph 40 of the Complaint.

41. Defendants admit the allegations in Paragraph 41 of the Complaint, but do not admit such a conditional class is warranted or proper.

42. Defendants are without sufficient knowledge or information to form a belief as to the allegations in Paragraph 42 of the Complaint, and therefore deny the same.

43. Defendants admit the allegations in Paragraph 43 of the Complaint, but only to the extent of those alleged to be similarly situated by Plaintiff. Beyond those alleged to be similarly situated by Plaintiff, Defendants deny the allegations in Paragraph 43 of the Complaint.

## OHIO COLLECTIVE ACTION ALLEGATIONS

44. Defendants incorporate their answers to Paragraphs 1-43 of the Complaint as if fully rewritten herein. Further answering, Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Defendants admit Plaintiff *purports* to bring a collective action as described in Paragraph 45 of the Complaint, but deny such a collective action is warranted or proper. Defendants deny all remaining allegations in Paragraph 45 of the Complaint.

46. Defendants admit the allegations in Paragraph 46 of the Complaint, but do not admit such a conditional class is warranted or proper.

47. Defendants are without sufficient knowledge or information to form a belief as to the allegations in Paragraph 47 of the Complaint, and therefore deny the same.

48. Defendants admit the allegations in Paragraph 48 of the Complaint, but only to the extent of those alleged to be similarly situated by Plaintiff. Beyond those alleged to be similarly situated by Plaintiff, Defendants deny the allegations in Paragraph 48 of the Complaint.

## OHIO RULE 23 CLASS ACTION ALLEGATIONS

49. Defendants admit Plaintiff *purports* to bring a class action as described in Paragraph 49 of the Complaint, but deny such a class action is warranted or proper. Defendants deny all remaining allegations in Paragraph 49 of the Complaint.

50. Defendants deny the allegations in Paragraph 50 of the Complaint.

51. Defendants deny the allegations in Paragraph 51 of the Complaint. The issues identified are predominantly individual inquiries.

52. Defendants admit Attorneys Nilges and Draher have broad experience handling class/collective action wage-and-hour litigation and are fully qualified to prosecute the claims in

this case. Defendants are without sufficient knowledge or information to form a belief as to all remaining allegations in Paragraph 52 of the Complaint, and therefore deny the same.

53. Defendants deny the allegations in Paragraph 53 of the Complaint.

54. Defendants deny the allegations in Paragraph 54 of the Complaint.

## COUNT ONE
### (Overtime – FLSA Collective)

55. Defendants incorporate their answers to Paragraphs 1-54 of the Complaint as if fully rewritten herein. Further answering, Defendants deny the allegations in Paragraph 55 of the Complaint.

56. Defendants admit they are employers covered by the minimum wage and overtime requirements of the FLSA, but deny all remaining allegations in Paragraph 56 of the Complaint.

57. The allegations in Paragraph 57 are pure statements of law and, therefore, Defendants are not required to respond.

58. Defendants are without sufficient knowledge or information to form a belief as to the allegations in Paragraph 58 of the Complaint, and therefore deny the same.

59. Defendants are without sufficient knowledge or information to form a belief as to the allegations in Paragraph 59 of the Complaint, and therefore deny the same.

60. Defendants deny the allegations in Paragraph 60 of the Complaint.

61. Defendants are without sufficient knowledge or information to form a belief as to the allegations in Paragraph 61 of the Complaint, and therefore deny the same.

62. Defendants are without sufficient knowledge or information to form a belief as to the allegations in Paragraph 62 of the Complaint, and therefore deny the same.

## COUNT TWO

**(Ohio Minimum Wage Violations – Ohio 4111.14(K) Collective)**

63. Defendants incorporate their answers to Paragraphs 1-62 of the Complaint as if fully rewritten herein. Further answering, Defendants deny the allegations in Paragraph 63 of the Complaint.

64. Defendants admit they are employers covered by the minimum wage requirements of Ohio Wage Laws, but deny all remaining allegations in Paragraph 64 of the Complaint.

65. The allegations in Paragraph 65 are pure statements of law and, therefore, Defendants are not required to respond.

66. Defendants are without sufficient knowledge or information to form a belief as to the allegations in Paragraph 66 of the Complaint, and therefore deny the same.

67. Defendants deny the allegations in Paragraph 67 of the Complaint.

68. Defendants admit the allegations in Paragraph 68 of the Complaint.

69. Defendants are without sufficient knowledge or information to form a belief as to the allegations in Paragraph 69 of the Complaint, and therefore deny the same.

70. Defendants deny the allegations in Paragraph 70 of the Complaint.

71. Defendants are without sufficient knowledge or information to form a belief as to the allegations in Paragraph 71 of the Complaint, and therefore deny the same.

72. Defendants are without sufficient knowledge or information to form a belief as to the allegations in Paragraph 72 of the Complaint, and therefore deny the same.

**COUNT THREE**
**(Overtime Violations – Ohio Overtime Class)**

73. Defendants incorporate their answers to Paragraphs 1-72 of the Complaint as if fully rewritten herein. Further answering, Defendants deny the allegations in Paragraph 73 of the Complaint.

74. The allegations in Paragraph 74 are pure statements of law and, therefore, Defendants are not required to respond.

75. Defendants admit they are employers covered by the overtime requirements of the OMWFSA, but deny all remaining allegations in Paragraph 75 of the Complaint.

76. The allegations in Paragraph 76 are pure statements of law and, therefore, Defendants are not required to respond.

77. Defendants are without sufficient knowledge or information to form a belief as to the allegations in Paragraph 77 of the Complaint, and therefore deny the same.

78. Defendants deny the allegations in Paragraph 78 of the Complaint.

79. Defendants admit the allegations in Paragraph 79 of the Complaint.

80. Defendants deny the allegations in Paragraph 80 of the Complaint.

81. Defendants deny the allegations in Paragraph 81 of the Complaint.

82. Defendants are without sufficient knowledge or information to form a belief as to the allegations in Paragraph 82 of the Complaint, and therefore deny the same.

83. Defendants are without sufficient knowledge or information to form a belief as to the allegations in Paragraph 83 of the Complaint, and therefore deny the same.

## **AFFIRMATIVE DEFENSES**

1. Any violation of the FLSA was not willful, and a two-year statute of limitations is applicable for all FLSA claims.

2. Plaintiff's claims may fail to state claims upon which relief may be granted.

3. Plaintiff's claims may be barred and/or limited by any falsification and/or spoliation of evidence.

4. All factual allegations of the Complaint not specifically admitted herein are denied.

5. Defendants' actions were taken in good faith compliance with the FLSA and Ohio Wage Laws, making an award of liquidated damages improper.

6. Some of Plaintiff's claims may be barred and/or limited by the Employee Commuting Flexibility Act and/or the Portal-to-Portal Act – and the regulations promulgated thereunder.

7. Defendant reserves the right to assert additional defenses as they become known during the course of discovery.

WHEREFORE, Defendants respectfully ask this Honorable Court dismiss Plaintiff's Complaint and grant such other relief as this Court deems just.

KINCAID, TAYLOR & GEYER

By: /s/ Scott D. Eickelberger
Scott D. Eickelberger (#0055217)
P.O. Box 1030
50 N. Fourth Street
Zanesville, OH 43702-1030
Telephone: 740.454.2591
Facsimile: 740.454.6975
scotte@kincaidlaw.com

*Co-Counsel for Defendants*

BUCKINGHAM, DOOLITTLE & BURROUGHS, LLC

By: /s/ Barry Y. Freeman
Barry Y. Freeman (#0062040)
One Cleveland Center
1375 East Ninth Street, Suite 1700
Cleveland, OH 44114

Telephone: 216.736.4223  
Facsimile: 216.615.3023  
bfreeman@bdblaw.com

*Trial Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

A copy of the foregoing was served on all parties, via the Court's electronic filing system, this 27th day of February 2019.

/s/ Barry Y. Freeman

CL2:491589_v1