IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TINA MORGAN, on behalf of herself and
all others similarly situated,

      Plaintiff,

v.

VALLEY HOME CARE SOLUTIONS,
LLC, *et al.*,

      Defendants.

Case No: 2:19-cv-278

Judge Graham
Magistrate Judge Vascura

## OPINION AND ORDER

This Fair Labor Standards Act ("FLSA") case is before the Court on Defendants' unopposed motion to file the parties' settlement agreement under seal. (ECF No. 28.) The Court denies Defendants' motion to file under seal for the reasons set forth in the Court's opinion in *Stanley v. Turner Oil & Gas Props., Inc.*, No. 2:16-cv-386, 2017 WL 5068444 (S.D. Ohio July 24, 2017); *see also Fairfax v. Hogan Transportation Equip., Inc.*, No. 2:16-cv-680, 2019 WL 466148 at *2 (S.D. Ohio Feb. 6, 2019). "In the Sixth Circuit and elsewhere, the 'great weight of authority' favors open court documents generally and favors open FLSA settlement agreements specifically." *Stanley,* 2017 WL 5068444 at *1 (quoting *Smolinski v. Ruben & Michelle Enters. Inc.,* No. 16-cv-13612, 2017 WL 835592, at *3 (E.D. Mich. Mar. 3, 2017)).

Generally, there is a strong presumption in favor of open court records. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.,* 825 F.3d 299, 305 (6th Cir. 2016). The party requesting to file under seal must satisfy a heavy burden to negate this presumption, and that burden increases the "greater the public interest in the litigation's subject matter." *Stanley,* 2017 WL 5068444 at *1 (quoting *Shane,* 825 F.3d at 305). "The public has a keen interest in the outcome of FLSA litigation, and as such, 'sealing a FLSA settlement rarely, if ever, will be shown to outweigh the

1

public right to access of judicial documents.'" *Stanley,* 2017 WL 5068444 at *1 (quoting *Smolinski,* 2017 WL 835592 at *3); *see also Steele v. Staffmark Invs., LLC,* 172 F.Supp.3d 1024, 1031 (W.D. Tenn. 2016) ("[T]his Court is unwilling to approve a settlement or dismissal of FLSA claims where the terms of the settlement are not available to the public.").

In the motion at bar, Defendants state that the terms of the settlement agreement are "strictly confidential" and ask the Court to grant their motion to maintain the confidentiality of those terms. (ECF No. 28 at 161.) This reasoning fails to justify the filing of the parties' settlement agreement under seal, as it does not outweigh the public interest in access to FLSA settlement agreements. Accordingly, Defendants' Unopposed Motion to File Under Seal (ECF No. 28) is **DENIED**.

**IT IS SO ORDERED**.

/s/ James L. Graham  
JAMES L. GRAHAM  
United States District Judge

DATE: September 5, 2019