# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **TINA MORGAN,** | : |
| on behalf of herself and all others similarly situated, | : **Case No. 2:19-cv-278** |
| Plaintiff, | : **JUDGE GRAHAM** |
| v. | : **MAGISTRATE JUDGE VASCURA** |
| **VALLEY HOME CARE SOLUTIONS, LLC,** *et al.*, | : |
| Defendants. | : |

## OPINION AND ORDER

This matter is before the Court on the parties' motion captioned, "Joint Motion for Approval of Settlement" (ECF No. 31). For the reasons that follow, the parties' joint motion is **DENIED**.

## I. BACKGROUND

The parties' proposed settlement agreement provides that Plaintiffs' counsel shall receive $16,727.32 in attorneys' fees, which is 60% of the total settlement amount. (ECF No. 31-1 at 173.) Though the motion contained a declaration from Plaintiffs' counsel restating the total amount of attorneys' fees sought (ECF No. 31-2), counsel's declaration failed to provide adequate justification that the amount sought is reasonable. On October 23, 2019, the Court ordered Plaintiffs' counsel to submit evidence of the hours worked on this litigation and rates claimed, so that the Court could properly assess whether the attorney's fees sought are reasonable. (ECF No. 32.) On November 4, 2019, Plaintiffs' counsel filed their Notice of Filing Hours, Rates, and Fees. (ECF No. 33.)

1

**II.     STANDARD OF REVIEW**

Under 29 U.S.C. § 216(b), prevailing plaintiffs in a Fair Labor Standards Act ("FLSA") action are entitled to recover reasonable attorneys' fees and the costs of the action. An attorney's fee is reasonable if it is "adequately compensatory to attract competent counsel yet . . . avoids producing a windfall for lawyers." *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 619 (6th Cir. 2007). The starting point for a "reasonable" attorney's fee determination is the lodestar calculation, which is the product of the number of hours an attorney reasonably spent on the case times a reasonable hourly rate. *Moore v. Freeman*, 355 F.3d 558, 565 (6th Cir. 2004). The district court may then adjust that amount depending on the circumstances of the particular case. *Id.*

"To justify an[] award of attorneys' fees, the party seeking compensation bears the burden of documenting its work." *Gonter*, 510 F.3d at 617. The party requesting a fee award "should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

**III.    DISCUSSION**

Plaintiffs' counsel seeks $16,727.32 in attorneys' fees and $628.94 in costs. (ECF No. 31-1 at 174.) "Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge." *Perdue v. Kenny A.*, 559 U.S. 542, 558 (2010). This reasonableness determination is especially important where, as here, the parties' proposed settlement agreement is contingent upon the Court's approval of a specified amount of attorneys' fees. *Hebert v. Chesapeake Operating, Inc.*, No. 2:17-cv-852, 2019 U.S. Dist. LEXIS 160792, at *10 (S.D. Ohio Sep. 20, 2019).

### A. Additional Fees Requested

As an initial matter, the Court addresses Plaintiffs' counsel's additional request of $915.00 for fees incurred after filing the parties' joint motion for settlement.  (ECF No. 33-1 at 202–03.) This request is not well taken.  Plaintiffs' counsel's request for additional fees is in direct contravention of the proposed settlement agreement filed with this Court.  Specifically, that agreement reads:

> The payment of attorneys' fees and expenses to Plaintiffs' Counsel includes all of the attorneys' fees and expenses incurred to date and to be incurred in documenting the Settlement and securing Court approval of the Settlement.  In consideration for these attorneys' fees and expenses, Plaintiffs waive any and all claims to any further attorneys' fees and expenses in connection with the Action.

(ECF No. 31-1 at ¶ 20, 175.)

Based on the parties' agreement that the requested attorneys' fees of $16,727.32 include all fees to be incurred in securing Court approval of the settlement agreement, and that Plaintiffs waive any claims for further fees pertaining to this litigation, Plaintiffs' counsel's request for an additional $915.00 in fees is deemed unreasonable and is therefore denied.

Further problematic is Plaintiffs' counsel's submission of $17,655.00 in attorneys' fees as of the filing of the parties' joint motion for settlement. (ECF No. 33-1 at 202.)  This amount also exceeds what the parties originally agreed to in their jointly proposed settlement agreement, violates the parties' agreement not to seek additional attorneys' fees and expenses, and will not be considered by this Court as the total amount of attorneys' fees under consideration.

### B. Reasonable Attorneys' Fees

The question properly before the Court is whether Plaintiffs' counsel's original request for $16,727.32 in attorneys' fees is reasonable.  In considering whether an award of $16,727.32 in attorneys' fees is reasonable, the Court will examine whether the requested hours and rates are reasonable.  *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 821 (6th Cir. 2013) ("[A] district court

3

begins by determining the fee applicant's lodestar, which is the proven number of hours reasonably expended on the case by an attorney, multiplied by his court-ascertained reasonable hourly rate." (internal quotation marks and citation omitted)).

    **i.    Reasonable Hourly Rate**

The Court begins with determining Plaintiffs' counsel's reasonable hourly rate. In establishing a reasonable hourly rate, "[t]he appropriate rate . . . is not necessarily the exact value sought by a particular firm, but is rather the market rate in the venue sufficient to encourage competent representation." *Sykes v. Anderson*, 419 F. App'x 615, 618 (6th Cir. 2011) (internal quotations omitted). The market rate is "the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Gonter*, 510 F.3d at 618. Comparable skill and experience means "attorneys with similar experience representing plaintiffs in wage and hour litigation." *Snide v. Disc. Drug Mart, Inc.*, No. 1:11-cv-244, 2013 U.S. Dist. LEXIS 165584, *22 (N.D. Ohio Oct. 30, 2013).

In arriving at a reasonable hourly rate, a court may "consider a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience from handling similar requests for fees." *Miller v. Food Concepts Int'l, LP*, No. 2:13-CV-00124, 2017 U.S. Dist. LEXIS 186836, at *10 (S.D. Ohio Nov. 13, 2017) (quoting *Northeast Ohio Coalition v. Husted*, No. 2:06-cv-896, 2014 U.S. Dist. LEXIS 137320, 2014 WL 4829597, at *12 (S.D. Ohio Sept. 29, 2014) (vacated in part on other grounds)). The party seeking attorneys' fees bears the burden to "produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 (1984).

In determining whether the requested rate is reasonable, courts in this circuit consider (1) the value of the benefit rendered for the class, (2) society's stake in rewarding attorneys who produce such benefits, (3) whether the services were undertaken on a contingent fee basis, (4) the value of the services on an hourly basis, (5) the complexity of the litigation, and (6) the professional skill and standing of the attorneys involved. *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974). The Court addresses each of these factors in turn.

**Value of the Benefit:** Plaintiffs' counsel's work resulted in a settlement of $9,143.74. The settlement amount provides Plaintiffs with 100% of their actual minimum and overtime wages, plus nearly full treble and liquidated damages owed. The settlement provides earlier relief to class members and eliminates the risks of continued litigation.

**Society's Stake:** Society has a stake in rewarding attorneys who attain a result that individual class members likely could not achieve on their own. *See In re Cardinal Health Inc. Sec. Litigs.*, 528 F. Supp. 2d 752, 765–66 (S.D. Ohio 2007); *Kritzer v. Safelite Sols., LLC*, No. 2:10-cv-0729, 2012 U.S. Dist. LEXIS 74994, at *29 (S.D. Ohio May 30, 2012).

**Contingency Fee:** Plaintiffs' counsel undertook this litigation on a contingency fee basis and risked potential nonpayment due to an unsuccessful outcome.

**Value of Services:** Plaintiffs' counsel seeks a substantial 60% fee. While Plaintiffs' counsel directs the Court's attention to several cases where fee awards exceeded the amount recovered by plaintiffs, the vast majority of those cases are outside of this circuit. The lone Sixth Circuit case Plaintiffs' counsel cites to, *Fegley v. Higgins,* 19 F.3d 1126, 1134–35 (6th Cir. 1994) is distinguishable from the present case. In *Fegley,* the parties engaged in substantially more litigation than the present action, including completing discovery, filing dispositive motions, and

proceeding to trial.  As none of those successive litigation steps transpired in this case, *Fegley* is unpersuasive to the Court's analysis.

**Complexity of Litigation:** While FLSA collective actions are generally complex in nature, this case is neither novel nor complex.  The docket in this matter reflects minimal discovery and that no dispositive motions were filed.  This was a garden-variety FLSA lawsuit for overtime wages, and the parties settled early in the litigation.  There was nothing complicated about this litigation.

**Counsel's Professional Skill:** The declaration of Plaintiffs' counsel, Mr. Robi Baishnab, indicates he and his firm are experienced wage and hour collective action litigators.

Plaintiffs' firm includes four attorneys requesting hourly rates ranging from $300–$450, and a paralegal, which Plaintiffs' counsel refers to as a case administrator, requesting an hourly rate of $100.  Plaintiffs' counsel offers no evidence in support of their requested rates beyond a single declaration, which fails to include any discussion of rates, much less those of comparable attorneys or paralegals in the Columbus legal community.  The only other information presented to the Court are the hours, rates, and fees Plaintiffs' counsel submitted in response to the Court's October 23, 2019 Order (ECF No. 32).

Plaintiffs' counsel has unequivocally failed to meet their burden to "produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum*, 465 U.S. at 896.  For that reason, the Court must estimate a reasonable rate for the attorneys and paralegal using "awards in analogous cases, state bar association guidelines, and its own knowledge and experience from handling similar requests for fees." *Miller*, 2017 U.S. Dist. LEXIS 186836 at *10.

In consulting state bar association guidelines, the Court turns to the most recent Ohio State Bar Association report entitled, "The Economics of Law Practice in Ohio in 2013" ("OSBA Report") to determine the applicable hourly billing rate for attorneys and paralegals in the greater Columbus area. Without the benefit of knowing the number of years of experience of any of the Plaintiffs' firm participants in this case, beyond Mr. Baishnab, who has been practicing wage and hour law since 2012 (ECF No. 31-2 at 182), the Court is left to provide its best estimate of reasonable rates. Mr. Baishnab does supply that his firm, Nilges Draher, is composed of five attorneys. (*Id.*) Mr. Baishnab also represents that Nilges Draher has litigated over 100 wage and hour cases since February 2014. (*Id.*)

The Court notes that Mr. Baishnab performed the vast majority of legal work in this case. Mr. Baishnab first requests a rate of $300 an hour for the first several months of the litigation, and then without explanation, jumps to an increased rate of $400 an hour the month before settlement. The OSBA Report notes that the median rate for attorneys in downtown Columbus is $295. By way of comparison, the Court applied an hourly rate of $325 in an analogous case where the attorney had been practicing employment law for over thirty years and provided substantially more evidence to the Court. *Miller*, 2017 U.S. Dist. LEXIS 186836 at *16. Whereas, in the same case, an attorney with six years' experience in employment litigation received an hourly rate of $229.33. *Id.* Combining those factors with the Court's knowledge and experience from handling similar requests for fees, the Court concludes that $300 an hour is well within the fair and reasonable Columbus market rate for wage and hour litigation and applies that rate to each of the attorneys involved in this litigation.

Turning next to the applicable paralegal rate, the Court finds that according to the OSBA Report, $100 is a reasonable hourly billing rate for paralegals working in firms with three-to-six attorneys.

### ii. Hours Reasonably Expended

"To justify an[] award of attorneys' fees, the party seeking compensation bears the burden of documenting its work." *Gonter*, 510 F.3d at 617. The party requesting a fee award "should submit evidence supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *United Slate, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 n.2 (6th Cir. 1984). "Where the documentation of hours is inadequate, the court may reduce the award accordingly." *Hensley*, 461 U.S. at 433.

To determine the numbers of hours reasonably expended, "[t]he question is not whether a party prevailed on a particular motion or whether in hindsight the time expenditure was strictly necessary to obtain the relief requested. Rather, the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Wooldridge v. Marlene Indus.*, 898 F.2d 1169, 1173 (6th Cir. 1990).

In making this determination, trial courts should not "become green-eyeshade accountants" or strive to "achieve auditing perfection[.]" *Fox v. Vice*, 563 U.S. 826, 838 (2011). "Where reductions to the requested number of hours reasonably expended on the litigation are appropriate, a court has the discretion to utilize a simple across-the-board reduction by a certain percentage as

an alternative to line-by-line reductions." *Project Vote v. Blackwell,* No. 1:06-CV-1628, 2009 U.S. Dist. LEXIS 34571, at *20–21 (N.D. Ohio Mar. 31, 2009) (citing *Alliance Int'l, Inc. v. United States Customs Serv.*, 155 F. App'x 226, 228 (6th Cir. 2005)). Trial courts may also "take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox*, 563 U.S. at 838.

Essentially, "[t]here is no precise rule or formula for making these determinations." *Hensley v. Eckerhart*, 461 U.S. 424, 436, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). The fundamental goal is to achieve "rough justice." *Gibson v. Scott*, No. 2:12-cv-1128, 2014 U.S. Dist. LEXIS 20576, at *5 (S.D. Ohio Feb. 19, 2014).

Upon reviewing the hours Plaintiffs' counsel expended, the Court finds that many of the hours were excessive for the nature and extent of Plaintiffs' claims and do not warrant compensation. The Court notes various indicia of questionable billing and time entries. These unreasonable requests include: (1) calls with potential clients;[1] (2) time spent on FMLA claims never made in this action; (3) fees that are questionable due to poor billing practices such as block-billing and vague and indecipherable time entries; (4) time spent by counsel correcting errors brought to their attention by the Court; and (5) administrative work such as scheduling, updating contacts, sending documents to clients, and note taking, which are "'purely clerical or secretarial tasks [that] should not be billed (even at a paralegal rate).'" *Miller*, 2017 U.S. Dist. LEXIS 186836 at *38 (quoting *Gibson*, 2014 U.S. Dist. LEXIS 20576 at *10) (finding that such tasks are included in office overhead).

After subtracting these hours, the Court finds that Plaintiffs' counsel performed 28.5 hours of legal work and 5.1 hours of paralegal work. Multiplying 28.5 hours by the court-ascertained

---

[1] The court-approved Notice to Potential Plaintiffs references, "questions about whether to join this collective action" and states, "[c]ommunications with Plaintiffs' counsel are free and confidential." (ECF No. 12-1 at 66.)

9

attorney hourly rate of $300 yields $8,550 and multiplying 5.1 hours by the applicable paralegal rate of $100 produces $510.  Adding these two sums together provides a proper lodestar amount of $9,060 in attorneys' fees.  This amount is very close to one-third of Plaintiffs' total recovery of $27,500, which is the contingency fee percentage referenced in the Notice to Potential Plaintiffs (ECF No. 12-1 at 67.)  The Court's cross-check analysis confirms that attorneys' fees consisting of one-third of Plaintiffs' total recovery is reasonable.

Exercising its discretion to apply an across the board reduction, the Court reduces the percentage of attorneys' fees to one-third of Plaintiffs' total recovery of $27,500, which rounded to the nearest cent, provides Plaintiffs' counsel with $9,166.67 in attorneys' fees.  This is also consistent with "'the 1/3 contingent fee percentages common in contingent fee plaintiffs' litigation.'" *Hebert*, U.S. Dist. LEXIS 160792, at *17 (quoting *In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 380 (S.D. Ohio 2006)).  The Court finds no discernable issue with Plaintiffs' counsel's requested costs and awards $628.94 in costs.

## IV.    CONCLUSION

For the reasons stated above, the parties' motion captioned, "Joint Motion for Approval of Settlement" (ECF No. 31) is **DENIED**.  The parties are instructed to file an amended motion reflecting the Court's award of **$9,166.67 in attorneys' fees and $628.94 in costs**.  The amended motion shall be filed within **fourteen (14) days** of the date of this Order.

**IT IS SO ORDERED.**

/s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: December 4, 2019